HENG WANG & ASSOCIATES, P.C.
305 Broadway, 7th Floor
New York, NY 10007
Tel:   (212) 203-5231
Fax:   (212) 203-5237
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
XINBIN TIAN,                                              **PLAINTIFF'S COMPLAINT**

                       Plaintiffs,
  -against-                                                **JURY TRIAL DEMANDED**

                                                           **CIVIL ACTION**

201 LEWIS FARM INC.; 201 LEWIS LLC;
YU XIN WU a/k/a Yuxin Wu a/k/a Yu Xi Wu               **CASE NUMBER:  21-cv-3576**
a/k/a Yuxi Wu a/k/a Yu X. Wu; JANE DOE
a/k/a Amy Shi (True legal name unknown)
                                Defendants.
---------------------------------------------------------------------X

Plaintiff XINBIN TIAN ("Plaintiff"), by and through his undersigned attorneys, alleges, upon information and belief, and personal knowledge, by way of Complaint against Defendants 201 LEWIS FARM INC., 201 LEWIS LLC, YU XIN WU a/k/a Yuxin Wu a/k/a Yu Xi Wu a/k/a Yuxi Wu a/k/a Yu X. Wu, and JANE DOE a/k/a Amy Shi (true legal name unknown) (collectively "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.

2. This Court has supplemental jurisdiction over Plaintiff's New York state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants' business has a physical presence in this district.

## NATURE OF THE ACTION

4. This action is brought to recover unpaid wages, including unpaid minimum wages and unpaid overtime wages, as well as damages pursuant to the Wage Theft Prevention Act, owed to Plaintiff as well as injunctive and declaratory relief against Defendants' unlawful actions, and to recover attorneys' fees and costs.

5. Plaintiff alleges that, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived Plaintiff of his lawful (i) wages from Defendants for overtime work for which he did not receive overtime premium pay as required by law; (ii) minimum wages for hours for which he was paid less than the minimum wages; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iv) pre-judgment interest; (v) attorneys' fees and costs; and (vi) appropriate injunctive relief.

6. Plaintiff also brings this action to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived Plaintiff of his lawful (i) wages from Defendants for overtime work for which he did not receive overtime premium pay as required by law; (ii) minimum wages for hours for which he was paid less than the minimum wages; (iii) spread of hours claim pursuant to the NYLL; (iv) liquidated damages pursuant to the NYLL; (v) compensation for Defendants' violations of the Wage Theft Prevention Act ("WTPA"); (vi) pre-judgment interest; (vii) attorneys' fees and costs; and (viii) appropriate injunctive relief.

## THE PARTIES

7. Plaintiff is an individual residing in the State of New York.

8. Defendant 201 LEWIS FARM INC. ("201 INC.") is an entity formed in the State of New York on August 10, 2015.

9. Defendant 201 LEWIS LLC ("201 LLC") is an entity formed in the State of New York on May 22, 2014.

10. Since their inception, 201 INC. and 201 LLC have been operating a mushroom farm located at 201 Lewis Lane, Wallkill, NY 12589 ("the Farm").

11. Both 201 INC. and 201 LLC were involved in the daily operation and management of the Farm, which had at least approximately 10 workers present.

12. For example, suppliers made shipments to 201 LLC, and customers made payments to 201 INC.

13. The two Defendant business entities also operate an office at 35-54 168th Street, Flushing, NY 11358.

14. Defendant YU XIN WU a/k/a Yuxin Wu a/k/a Yu Xi Xu a/k/a Yuxi Wu a/k/a Yu X. Wu ("Wu") is an individual, residing in the State of New York. He was and is one of the individuals who managed, and manages, the business for the Defendant business entities. He also owns 50% of the business.

15. Defendant Wu resides at 35-54 168th Street, Flushing, NY 11358.

16. Defendant JANE DOE a/k/a Amy Shi, true legal name unknown, ("Doe"), is an individual resident of the State of New York who managed, and manages, the business for the Defendant business entities, and who owns the other 50% of the Defendant businesses.

17. At all relevant times, Defendant Wu and Defendant Doe maintained control, oversight and direction over the operation of the business, including its employment and pay

practices, and each exercised powers over Plaintiff, including the power to make hiring and firing decisions, set work hours, and set work compensation.

### PLAINTIFF'S FACTUAL ALLEGATIONS

18. Plaintiff was employed by Defendants from approximately February 23, 2021 to approximately April 3, 2021.

19. Plaintiff worked as a driver for Defendants but was also responsible for loading and unloading products in furtherance of the Defendants' business.

20. Defendants communicated to Plaintiff that his rate of pay would be $140/day for the first two months and then $150/day thereafter.

21. Plaintiff generally worked 7 days per week, and worked for at least 40 consecutive days during his employment with Defendants.

22. He generally worked 12+ hours per day, from at least 7 a.m. to at least 7 p.m., and sometimes until 9 p.m. or 10 p.m.

23. Plaintiff would travel to the company van which was parked at the Defendant bosses' home at approximately 7 a.m. each morning.

24. The Defendants failed to maintain proper or accurate time records for Plaintiff and failed to properly compensated Plaintiff for the hours he worked.

25. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

26. At all relevant times herein, Plaintiff's hourly wages were less than the statutory federal and state minimum wages in effect at relevant times.

27. Defendants willfully failed to pay Plaintiff an amount at least equal to the federal or

New York state minimum wages in effect during all relevant time periods.

28. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required Defendants to pay Plaintiff overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

29. Defendants willfully failed to Plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

30. In addition, Defendants refused to provide Plaintiff written notice of his regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

31. Defendants failed to provide Plaintiff with accurate paystubs and W-2s as required by state and federal law.

32. As a result of these violations of federal and state law, Plaintiffs is entitled to (1) unpaid overtime wages for overtime hours for which he was paid less than one and a half times his regular rate; (2) unpaid minimum wages for the amount which is less the statutory requirement; (3) liquidated damages, and all other remedies prescribed by statute; (4) injunctive relief to enjoin Defendants from violations of federal and state law; (5) attorneys' fees and costs as provided by statute or otherwise; (6) and all other legal and equitable remedies this Court deems appropriate.

33. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff proper overtime and minimum wages as required by law.

## COUNT I
**Overtime Wages Under the Fair Labor Standards Act**

34. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

35. The Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

36. At all relevant times, Defendants have had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which Plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

39. By reason of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
**Overtime Wage Under New York Labor Law**

40. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

41. At all relevant times, Defendants employed Plaintiff within the meaning of the New

York Labor Law §§ 2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay him overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiff was entitled under New York Labor Law 652, in violation of 12 N.Y.C.C.R.R. 142-2.2.

43. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

44. By reason of Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.

## COUNT III
### Minimum Wages Due Under the Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

46. Defendants failed to compensate Plaintiff with wages of at least equal to the applicable minimum hourly wage, in violation of 29 U.S.C. §§206(a).

47. Defendants' violation of the FLSA, as described in this Complaint, has been willful and intentional.

48. By reason of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT IV
### Minimum Wages Under New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

51. Defendants willfully failed to compensate Plaintiff with wages at least equal to the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and 12 N. Y. C. C. R. R. § 142-2.1.

52. By reason of Defendants' violation of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, liquated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 198, all in an amount to be determined at trial.

## COUNT V
### Spread of Hours Under New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

54. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of 10 hours pursuant to the NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

55. The Defendants violated the aforementioned legal requirement.

56. Plaintiff was thus damaged in an amount to be determined at trial.

## COUNT VI
### Wage Theft Prevention Act Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in the preceding

8

paragraphs as if fully set forth herein.

58. At all relevant times, Defendants employed Plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

59. Defendants willfully violated Plaintiff's rights by failing to provide him with the initial hiring notice and annual notices as required by the Wage Theft Prevention Act.

60. Defendants willfully violated Plaintiff's rights by failing to provide him with wage statements as required by the Wage Theft Prevention Act.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover statutory damages pursuant to the WTPA.

### COUNT VII
### Unpaid Wages Under the New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff for all hours he worked.

65. These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law §198, §663, and supporting regulations.

66. Defendants have failed to pay Plaintiff all wages which are legally owed to him and which he earned pursuant to the New York Labor Law and the supporting New York State Department of Labor regulations.

67. Defendants failed to pay Plaintiff wages for hours worked in violation of the New York

Labor Law Article 6.

68. Due to Defendants' violations of the New York Labor Laws, Plaintiff is entitled to recovery from Defendants, jointly and severally, for his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, and interest in accordance with NY Labor Law §198(1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

B. An award of unpaid minimum wage and overtime wage damages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C. An award of Unpaid wages, and an additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

D. An award of damages for all unpaid minimum wages, unpaid overtime, as well as an award of damages owed to Plaintiff on account of Defendants' failure to abide by the applicable NYLL, FLSA, and Wage Theft Prevention Act statutes and regulations.

E. Punitive damages;

F. Pre-judgment interest;

G. Post-judgment interest;

H. An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements as detailed in this Complaint, pursuant to the FLSA and NYLL;

I. Attorneys' fees and costs of the action; and

J. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
June 24, 2021

/s Heng Wang_____
By: Heng Wang (HW0786)
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, NY 10007
Tel:    (212) 203-5231
heng.wang@wanggaolaw.com
*Attorneys for Plaintiff*